**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TRAVIS M. TORGERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-514-JDK-JDL |
| | § | |
| C. GREGORY, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Travis M. Torgerson, proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Court previously granted summary judgment in favor of Defendants Henderson County, Sheriff Hillhouse, Major Faught, and investigators Nutt and Slaton, dismissing Plaintiff's claims against them. Docket No. 71. The Court also previously granted summary judgment in favor of the City of Malakoff, dismissing Plaintiff's claims against it. Docket No. 75. The only remaining claims in this case are those against Defendants Charles Gregory and Brett Southard.

Now before the Court is Defendants Charles Gregory and Brett Southard's motion for summary judgment. Docket No. 72. On May 18, 2021, Judge Love issued a Report and Recommendation recommending that the Court grant Defendants'

motion for summary judgment and dismiss Plaintiff's claims against them with prejudice. Docket No. 76. Plaintiff filed objections. Docket No. 78.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections to the Report, Plaintiff asserts that he has no legal background, counsel was not appointed to represent him, justice cannot be served without due process, and the traffic stop was not valid because the sticker was not on the windshield and the officer lied to make the traffic stop. Docket No. 78.

Plaintiff does not have an absolute right to counsel in a civil rights case and did not show such extraordinary circumstances as to justify the appointment of counsel. *See Spivey v. Wilson*, --- F.App'x ---, 2021 WL 2562540 (5th Cir. June 22, 2021). And he has not shown a denial of due process here. Accordingly, those objections are without merit.

Plaintiff raises the legality of the traffic stop for the first time in his objections to the Report. Thus, this argument is not properly before the district court. *Finley v. Johnson*, 243 F.3d 215, 219 & n.3 (5th Cir. 2001). In any event, Plaintiff has not shown that the stop was invalid, and his assertion is too vague to warrant setting

aside the Magistrate Judge's Report. He argues that the stop was invalid because "the sticker is not on the windshield." Docket No. 78. But it is not clear what sticker he is describing. The summary judgment evidence shows that Plaintiff was stopped for having an expired registration sticker, a fact Plaintiff did not contest on camera during the stop. Additionally, Officer Gregory told Plaintiff during the stop that the registration information on the truck came back in Plaintiff's name. Finally, Plaintiff does not challenge the Magistrate Judge's conclusions concerning the reasonableness of the force used. Accordingly, Plaintiff has not provided any valid reason to set aside the Magistrate Judge's Report.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 76) as the opinion of the District Court. The Court **GRANTS** Defendants Gregory and Southard's motion for summary judgment (Docket No. 72) and **DISMISSES** Plaintiff's claims against them with prejudice.

So **ORDERED** and **SIGNED** this **30th** day of **June, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE